UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE MACDONALD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-289 |
| | § | |
| JPMORGAN CHASE BANK, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER AND OPINION

Before the Court is JPMorgan Chase Bank's ("Defendant") motion[1] for summary judgment and "Notice of No Response."[2] Christopher Lee MacDonald ("Plaintiff") did not respond, and the time for doing so has passed.[3] After considering the motion, the record, and the relevant authorities the Court **GRANTS** Defendant's motion for summary judgment.

## I. BACKGROUND

This is a foreclosure suit originally filed in state court based on a form complaint. The facts surrounding the foreclosure are as follows. In May 2004, Plaintiff executed an Adjustable Rate Note ("Note") made payable to Franklin American Mortgage Company, and a Deed of Trust that granted a security interest in Plaintiff's property located at 1610 East 21st Street, Mission, Hidalgo County Texas 785722 ("Property") to secure repayment of the Note.[4] On July

---

[1] Dkt. No. 12.
[2] Dkt. No. 13.
[3] *See* L.R. 7.3 of the United States District Court of the Southern District of Texas.
[4] *See* Dkt. No. 12-1 pp. 5–34 (Note & Deed of Trust). The Property is legally described as Lot Thirty-Six (36), Sharywood Manor, an Addition to the City of Mission, Hidalgo County, Texas, as per Map or Plat Thereof.

29, 2013, the Deed of Trust was assigned to Defendant.[5] Plaintiff failed to make payments as required under the terms of the Note and Deed of Trust and defaulted on November 1, 2016.[6]

On December 6, 2017, Plaintiff was sent Notice of Default by certified mail and on January 24, 2018, Plaintiff was sent—again by certified mail—a Notice of Acceleration of Maturity and Notice of [Substitute] Trustee Sale.[7] The property was set for foreclosure on March 6, 2018.[8]

On February 28, 2018, Plaintiff filed a petition in state court.[9] On the facts alleged, Plaintiff brings claims against Defendant based on violations of the American Recovery and Reinvestment Act, 12 U.S.C. §§ 5201 *et seq*. which creates and implements the Home Affordable Modification Program ("HAMP"); waiver of Defendant's right to foreclose by accepting late payments; violations under the Texas Property Code; and violations of the Real Estate Procedures Act ("RESPA").[10] Plaintiff seeks damages, injunctive relief, and attorney's fees.[11]

Additionally, on March 1, 2018, Plaintiff was granted a temporary restraining order to prevent the foreclosure sale.[12] However, despite the restraining order, on March 6, 2018, a foreclosure sale was conducted in which the Property was sold to Defendant for $127,407.36.[13] Although, the Property was sold to Defendant, Plaintiff still has possession of the Property.[14]

---

[5] Dkt. No. 12-3.
[6] Dkt. No. 12-1 p. 4, ¶ 6.
[7] Dkt. No. 12-1 p. 35–40 (Notice of Default); Dkt No. 12-2 p. 2, ¶ 4 (Declaration of Stephanie Spurlock, stating that Plaintiff was mailed the Acceleration of Maturity and Notice of [Substitute] Trustee Sale).
[8] *See* Dkt. No. 12-2 p. 11.
[9] *See* Dkt. No. 1-1.
[10] *Id.* at pp. 7–11. Although Plaintiff's complaint does not reference RESPA, the claims brought under the heading "Pre-Foreclosure Loss Mitigation Review" are clearly in reference to the Consumer Financial Protection Bureau loss mitigation procedures set forth in 12 C.F.R. § 1024.39, which implement RESPA.
[11] *Id.* at p. 12.
[12] *Id* at p. 16 (temporary restraining order entered on March 1, 2018).
[13] Dkt. No. 12-4 (Substitute Trustee's Deed conveying property to Defendant).
[14] Dkt. No. 12-5 p. 5 (Request for Admission, wherein Plaintiff admits to being in possession of the property).

On September 11, 2018, Defendant removed to federal court on the basis of diversity jurisdiction.[15] Defendant states removal is timely because Defendant removed within thirty days of receiving Plaintiff's state court petition through formal service of process.[16] Defendant subsequently filed the instant motion for summary judgment pursuant Federal Rule of Civil Procedure ("Rule") 56.[17] Plaintiff failed to respond and the time for doing so has passed, rendering the motion unopposed under the operation of Local Rules.[18] Defendant filed a "Notice of No Response" notifying this Court of Plaintiff's failure to reply.[19] The Court now turns to its analysis.

## II.  LEGAL STANDARD

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[21] The burden then shifts to the non-movant to demonstrate the existence of a genuine issue of material fact.[22] "A fact is 'material' if its resolution could affect the outcome of the action,"[23] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[24] As a result, "[o]nly disputes over facts that might affect the

---

[15] Dkt. No. 1. Plaintiff's complaint also names substitute trustee "David R. Karle" as defendant, but Defendant removed on the basis that David R. Karle was improperly joined.
[16] *Id.* at p. 2, ¶ 3. Defendant asserts Plaintiff never served Defendant, and instead attempted to serve the named substitute trustee. However, the substitute trustee is not authorized to receive process on behalf of Defendant.
[17] Dkt. No. 12.
[18] *See* L.R. 7.2–7.4 of the Local Rules of the Southern District of Texas (a motion is deemed unopposed if the non-movant does not respond within twenty-one days).
[19] Dkt. No. 13.
[20] Fed. R. Civ. P. 56(a).
[21] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[22] *See id.* at 323.
[23] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[24] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).

outcome of the suit under the governing law will properly preclude the entry of summary judgment."[25]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[26] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[27] Parties may cite to any part of the record, or bring evidence in the motion and response.[28] By either method, parties need not proffer evidence in a form admissible at trial,[29] but must proffer evidence substantively admissible at trial.[30]

As to any the question of substantive law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[31] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[32] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[33]

### III.  ANALYSIS

Defendant argues that summary judgment is warranted because Plaintiff has presented no evidence that there is a genuine dispute of material fact. Specifically, Defendant argues: (1) Plaintiff's claims under the Texas Property Code fail; (2) HAMP does not create a private right of action; (3) waiver is not a cause of action; (4) Plaintiff has no evidence to support his RESPA

---

[25] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[26] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[27] *See* Fed. R. Civ. P. 56(e).
[28] *See* Fed. R. Civ. P. 56(c).
[29] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[30] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[31] *See* Dkt. No. 1 p. 2.
[32] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).
[33] *Exxon*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).

claim; (5) Plaintiff is not entitled to injunctive relief; and (6) Plaintiff is not entitled to damages or attorney's fees. The Court agrees with all of Defendant's arguments, and Plaintiff indicates he is not opposed to this motion. Nonetheless, the Court will consider each in turn.

### A. Texas Property Code Claims

Defendant argues Plaintiff's claims under the Texas Property Code fail because Defendant has sent Plaintiff the required statutory notices, and regardless, Plaintiff's state no cause of action. Plaintiff alleges the following:

> Texas law requires that the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given. The notice must be sent to borrower's last known address and must include the amount due and the date it must be paid. Defendants [sic] did not comply with said requirement pursuant to the Texas Property Code.[34]

Plaintiff's petition contains a section entitled "the Breach Letter;" which contains no specific claim, and merely states the legal requirements under Texas law for breach letters.[35] Plaintiff does not cite any particular provision of the Texas Property Code, but he is clearly referencing § 51.002 which concerns the requirements of the sale of real property under contract lien.

Section 51.002 (d) provides: "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property used as the debtor's residence with written notice . . . that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given."[36] The Texas Property Code further provides that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited

---

[34] Dkt. No. 1-1 p. 18 (under the heading "Notice of Default and Intent to Accelerate").
[35] *Id.* at pp. 11. (The section entitled "Breach Letter" states, "Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach or demand letter, informing Plaintiff that their [sic] loan is in default before it can accelerate the loan and proceed with foreclosure. . . .").
[36] Tex. Prop. Code §51.002(d).

in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."[37] Under Texas law there is no requirement the debtor actually receive the notice.[38]

Furthermore, courts have found that § 51.002 does not provide *any* independent cause of action because it does not "contain its own enforcement mechanism."[39] Rather, "federal courts have construed claims under section 51.002 to be wrongful foreclosure claims."[40] Under Texas law, a wrongful foreclosure claim ordinarily requires a showing of (i) "a defect in the foreclosure sale proceedings"; (ii) "a grossly inadequate selling price"; and (iii) "a causal connection between the defect and the grossly inadequate selling price."[41] In regards to the second prong, a "grossly inadequate price would have to be so little as 'to shock a correct mind.'"[42]

The Court finds Plaintiff's claims under the Texas Property Code regarding foreclosure notices are meritless. Defendant provides evidence that Defendant has complied with the Texas Property Code. Plaintiff was mailed a Notice of Default on December 6, 2017 by certified mail and on January 24, 2018, a Notice of Acceleration of Maturity and Notice of [Substitute] Trustee Sale was mailed by certified mail.[43] Placing these notices in the mail, with postage pre-paid and addressed to the borrower's last known address completes service of the foreclosure notices under Texas law.[44] Although, Plaintiff appears to be making an argument that he did not receive

---

[37] *Id.* §51.002(e).
[37] *Id.*
[38] *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).
[39] *See e.g.*, *Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013).
[40] *Id.* (citing *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *7–8 (S.D. Tex. June 6, 2012)); *Bittinger v. Wells Fargo Bank NA*, 2011 WL 3568206, at *4–5 (S.D. Tex. Aug.15, 2011).
[41] *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008) (citing *Charter Nat'l Bank—Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App. 1989)).
[42] *Martins*, 722 F.3d at 256.
[43] Dkt. No. 12-1 p. 35–40 (Notice of Default); Dkt No. 12-2 p. 2, ¶ 4.
[44] Tex. Prop. Code §51.002(e); *see also Ogundipe v. Wells Fargo Bank*, N.A., No. H-11-2387, 2012 U.S. Dist. LEXIS 109633, at *14 (S.D. Tex. Aug. 6, 2012) ("Notice to the debtor is satisfied so long as the notice is deposited for delivery to the debto''s last known address via certified mail.").

any notices that were sent, Texas law only requires sending the notice to Plaintiff's last known address, which Defendant has satisfied.[45]

Additionally, to the extent Plaintiff may be wishing to allege a claim of wrongful foreclosure, his claim fails. As noted, Defendant has brought evidence to show it satisfied all legal requirements to foreclose on the Property, and Plaintiff has not responded to identify any defect in to the process. Additionally, Defendant provides appraisal information regarding the Property estimating its value at around $112,000 in 2018.[46] Thus, the selling price of $127,407.36 does not shock the conscience. Finally, Plaintiff admits he is in possession of the Property, and under Texas law, there can be no foreclosure without a loss of possession.[47]

Based on the foregoing, Plaintiff's claims based on the Texas Property Code are **DISMISSED WITH PREJUDICE**.

    **B.**    **HAMP**

Defendant argues Plaintiff's claim under HAMP fails as a matter of law. Plaintiff alleges, under a heading entitled "Home Affordable Modification Program ('HAMP')" that Defendant failed "to honor its agreements with Plaintiff to modify his mortgage and prevent foreclosure" under HAMP.[48] Plaintiff further states Defendant "entered into written agreements with Plaintiff . . . and promised that compliance . . . would result in . . . a permanent loan modification . . . ." and that Plaintiff "complied . . . by submitting the required documentation and making payments."[49] However, Plaintiff provides no details on the content of these agreements.

---

[45] *See Martins*, 722 F.3d at 256.
[46] Dkt. No. 12-6.
[47] *See Peoples v. BAC Home Loans Servicing, LP*, No. 4:10-CV-489-A, 2011 U.S. Dist. LEXIS 31626, at *11 (N.D. Tex. Mar. 25, 2011)
[48] Dkt. No. 1-1 p. 9, ¶¶ 1–3.
[49] *Id.* ¶ 3.

Based on these allegations, it is somewhat unclear whether Plaintiff is seeking to bring a claim under HAMP, a common law contract claim regarding loan modification, or both. Regardless, Plaintiff's complaint fails to state a claim upon which relief can be granted.

First, courts have found that there is no private right of action under HAMP.[50] Second, Plaintiff's allegations do not satisfy the statute of frauds. In Texas, a loan agreement in which the amount involved exceeds $50,000 in value —as is the case here[51]—is not enforceable under the statute of frauds unless the agreement is in writing and signed by the party to be bound.[52] Where a plaintiff seeks to enforce an oral contract, it has the burden of proving that the statute of frauds is satisfied.[53] Thus, any alleged loan modification fails to state a claim upon which relief can be granted, either under HAMP or under the common law.

For the foregoing reasons, Defendant meets its burden of demonstrating that Plaintiff's claim in relation to HAMP and loan modification fails as a matter of land Plaintiff's HAMP claims must be **DISMISSED WITH PREJUDICE.**

C.     Waiver

Defendant argues Plaintiff's claim of waiver fails as a matter of law. The Court again agrees. Plaintiff alleges that because Defendant accepted some late payments, Defendant

---

[50] *See, e.g., Kiper v. BAC Home Loans Servicing*, LP, 884 F. Supp. 2d 561, 572-73 (S.D. Tex. 2012), aff'd sub nom. *Kiper v. BAC Home Loans Servicing*, L.P., 534 F. App'x 266 (5th Cir. 2013); *Emiabata v. Bank of N.Y. Mellon Tr. Co. N.A.*, No. A-17-CV-1101-SS-ML, 2017 U.S. Dist. LEXIS 218413, at *7 (W.D. Tex. Nov. 30, 2017); *Cade v. BAC Home Loans Servicing,* LP, No. H-10-4224, 2011 U.S. Dist. LEXIS 65045, at *7-9 n.2 (S.D. Tex. June 20, 2011); *Godfrey v. Wells Fargo & Co.*, No. 5:16CV79-RWS-CMC, 2017 U.S. Dist. LEXIS 31187, at *19 (E.D. Tex. Jan. 9, 2017); *Geske v. Wells Fargo Bank, Nat'l. Ass'n*, No. 3:11-CV-3337-L, 2012 U.S. Dist. LEXIS 51500, 2012 WL 1231835, at *6 (N.D. Tex. Apr. 12, 2012) ("the vast majority of courts . . . have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers").
[51] Dkt. No. 1-1 p. 6 ("Plaintiff executed a promissory noted in the original principle amount of . . . $93,750.00").
[52] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238-39 (5th Cir. 2014) (citing Tex Bus. & Com. Code Ann. § 26.02(b)); *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 256 (5th Cir. 2013); *Fed. Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442, 35 Tex. Sup. Ct. J. 184 (Tex. 1991).
[53] *Hugh Symons Grp. v. Motorola, Inc.,* 292 F.3d 466, 469 (5th Cir. 2002)

"established a course of dealing" of accepting Plaintiff's late payments and thus waived its right to foreclose.[54] However, any claim based on allegations of waiver fail.

Waiver is not an independent cause of action in Texas.[55] Waiver is "defensive in nature" and operates to prevent the loss of existing rights and not to create liability where it does not otherwise exist.[56] Even assuming, *arguendo*, that waiver is an independent cause of action, in order to establish waiver, the conduct of the mortgagor as a whole must be inconsistent with the right to foreclose.[57] The elements of waiver include (1) an existing right held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right.[58] In this analysis, the essential element of establishing waiver is clear intent to relinquish the right.[59] The Fifth Circuit has noted: "Texas courts have also made clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose."[60]

Here, Plaintiff's claim fails as a matter of law: waiver is not an independent cause of action. Additionally, even if it were, Plaintiff brings no evidence to show that Defendant intended to relinquish its right to foreclose. Even assuming the truth of Plaintiff's statement that Defendant accepted late payments—something for which Plaintiff provides no support—mere

---

[54] Dkt. No. 1-1 pp. 9–10.
[55] *See e.g., Manriquez v. Wells Fargo Bank, N.A.*, No. 7:16-CV-00126, 2017 U.S. Dist. LEXIS 111538 at *6 (S.D. Tex. Mar. 16, 2017); *Franklin v. BAC Home Loans Servicing, LP*, 3:10-CV-1174-M, 2012 U.S. Dist. LEXIS 93719, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), report and recommendation adopted, 3:10-CV-1174-M, 2012 U.S. Dist. LEXIS 93718, 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citing *Thomas v. Compass Bank*, 2002 Tex. App. LEXIS 4427, 2002 WL 1340333, at *4 (Tex.App.-Houston [1st Dist.] June 20, 2002, no pet.)).
[56] *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988).
[57] *See Watson v. CitiMortgage, Inc.*, No. 12-41009, 2013 WL 2468035 at *2 (5th Cir. June 10, 2013) ("Texas courts have [] made it clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose.").
[58] *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008).
[59] *Manriquez*, No. 7:16-CV-00126, 2017 WL 1397137 at *7 (citing *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003)).
[60] *Watson v. CitiMortgage, Inc.*, 530 Fed. Appx. 322, 326 (5th Cir. 2013).

acceptance of late payments is not inconsistent with Defendant maintaining its right to foreclose. Indeed, Defendant's current foreclosure attempt indicates Defendant wished to maintain its right to foreclose.

Additionally, Defendant points out that Deed of Trust contains an anti-wavier provision.[61] The anti-waiver clause states:

> Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrow . . . shall not operate to release the liability of Borrower . . . Lender shall not be required to . . . refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument. Any forbearance by Lender in exercising any right or remedy, including without limitation, Lender's acceptance of payments from third persons . . . or in amounts less than amounts then due, shall not be a waiver or preclude the exercise of any right or remedy.[62]

This provisions expressly indicate that Defendant did not intend to relinquish its rights if it accepted late payments.[63]

Thus, even assuming Defendant accepted late payments, Plaintiff has failed to put forth a cognizable claim. Waiver is not an independent cause of action, and in any case, Defendant did not waive its foreclosure right. Thus, the waiver claim is **DISMISSED WITH PREJUDICE**.

### D. RESPA

Defendant argues Plaintiff has no evidence that would support a claim under RESPA. The Court again agrees with Defendant.

Although Plaintiff's complaint does not reference RESPA, the claims brought under the heading "Pre-Foreclosure Loss Mitigation Review" are clearly in reference to the Consumer Financial Protection Bureau loss mitigation procedures set forth in 12 C.F.R. § 1024.39, which

---

[61] *See* Dkt. No. 12-1 p. 23, ¶ 12.
[62] *Id.*
[63] *See Manriquez v. Wells Fargo Bank, N.A.,* No. 7:16-CV-00126, 2017 U.S. Dist. LEXIS 111538, at *8 (S.D. Tex. Mar. 16, 2017*)* ("[T]he existence of a non-waiver agreement strongly suggests lack of intent of lienholder to waive rights otherwise held under the contract . . . .").

implement RESPA.[64] This RESPA provision prohibits servicers from providing a notice of foreclosure until "[a] borrower's mortgage obligation is more than 120 days delinquent."[65] Moreover, § 1024.41(f) is only enforceable via 12 U.S.C. § 2605(f), which requires that the plaintiffs suffer actual damages.[66]

Here, Defendant points out that Plaintiff has not provided any evidence he was provided notice of foreclosure within 120 days of their delinquency, or that he suffered any actual damages. Indeed, Defendant has provided affirmative evidence that Plaintiffs were *not* provided with a notice of foreclosure within 120 days of Plaintiffs' delinquency.[67] Thus, Plaintiff's RESPA claim fails and Plaintiff's claims under RESPA are **DISMISSED WITH PREJUDICE**.

E.     Injunctive Relief

Defendant also states that Plaintiff is not entitled to injunctive relief because Plaintiff states no cause of action. Plaintiff requests a judgment preventing foreclosure of the property.[68] Plaintiff, thus, is requesting additionally injunction relief beyond the temporary restraining order granted in state court.

To the extent this is intended as a request for injunctive relief, Plaintiff states no cognizable claim. Injunctive relief requires the movant to establish, among other things, that there is a substantial likelihood of success on the merits.[69] Plaintiff has stated no viable cause of

---

[64] Dkt. No. 1-1 p. 10.
[65] 12 C.F.R. § 1024.41(f)(1)(i).
[66] *See e.g.*, *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. Appx. 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."); *Smith v. JPMorgan Chase Bank, N.A.*, 519 Fed. Appx. 861, 864 (5th Cir. 2013) ("[E]ven if they could premise their claim on RESPA, they cannot show any particular damages they suffered from Chase's violation."); *Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 Fed. Appx. 619, 620 (5th Cir. 2012) ("[E]ven if we assume that he did not receive the notice, he does not explain what actual damages he suffered.").
[67] *See* Dkt. No. 12-1 pp. 3–4, ¶¶ 5–6 (Plaintiff defaulted on November 1, 2016 and Notice of Default sent to Plaintiff via certified mail on December 6, 2017, 400 days after default).
[68] Dkt. No. 1-1 p. 13.
[69] *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Ashton v. BAC Home Loans Servicing*, L.P., 4:13-CV-810, 2013 WL 3807756, at *7 (S.D. Tex. July 19, 2013) (denying motion for temporary injunction as moot after granting the defendant's motion to dismiss).

action, thus injunctive relief in not warranted here. Consequently, Plaintiff's request for injunctive relief is **DISMISSED WITH PREJUDICE**

### F. Damages, Attorney's Fees, and Costs

Finally, Defendant contends Plaintiff is not entitled to damages or attorney's fees. Plaintiff requests damages and attorney's fees.[70] Plaintiff has suffered no compensable damages under Texas law.[71] Further, Plaintiff is not entitled to attorney's fees without a viable cause of action.[72]

### IV. HOLDING

For the foregoing reasons, Defendant's motion for summary judgment[73] is **GRANTED**; and all Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**. No further claims remain in Plaintiff's complaint and accordingly, pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 25th day of July, 2019.

Micaela Alvarez
United States District Judge

---

[70] Dkt. No. 11-1 pp. 12–13.
[71] *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App. 1998) ("Where the mortgagor's possession is undisturbed, he has suffered no compensable damage");
[72] *Green Int'l v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997) ("[A]ttorney's fees are recoverable only for authorized claims.").
[73] Dkt. No. 12.